**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

BRENT MOSLEY                                                                                            PETITIONER
Reg #40142-115

v.                                              No. 2:20-cv-00118-BSM-JJV

DEWAYNE HENDRIX, Warden,                                                                 RESPONDENT
Federal Correctional Institution Forrest City Medium[1]

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to the United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

## DISPOSITION

**I.      BACKGROUND**

On September 20, 1996, Petitioner Brent Mosley, an inmate at the Forrest City Medium Federal Correctional Institution, was convicted by a jury in the United States District Court for the

---

[1] Pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, made applicable to other types of habeas petitions by Rule 1(b), the respondent should be named as the officer in custody of the petitioner. John P. Yates is the new warden of Federal Correctional Institution – Forrest City Medium and replaces Dewayne Hendrix as Respondent in this action. The Clerk is directed to amend the docket to substitute him as the respondent.

Eastern District of Arkansas, of carjacking in violation of 18 U.S.C. § 2119 (1994), interference with commerce by robbery in violation of the Hobbs Act, 18 U.S.C. § 1951, and two counts of using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1).[2]  *United States v. Mosley*, 141 F.3d 1171 (8th Cir. 1998) (unpublished per curiam); (Doc. Nos. 25 at 2, 25-4 at 1). On January 27, 1997, Mr. Mosley was sentenced to life imprisonment on the carjacking conviction and 240 months' imprisonment on the Hobbs Act conviction, with said terms to run concurrently. (Doc. No. 25-4 at 2). Additionally, he was sentenced 60 months' imprisonment on one of the § 924(c)(1) convictions, to run consecutively with the carjacking and Hobbs Act sentences, and 240 months' imprisonment on the remaining § 924(c)(1) conviction, to run consecutively to the above three counts. *Id.* The Eighth Circuit affirmed the judgment on February 6, 1998. *Mosley*, 141 F.3d 1171. On February 12, 1999, Mr. Mosley filed a federal habeas petition under 28 U.S.C. § 2255 with this Court based on the same conviction. (Doc. Nos. 25 at 3, 25-5 at 2). The district court denied his motion on March 26, 1999. (Doc. No. 25-5 at 2). Additionally, both the district court and the United States Court of Appeals for the Eighth Circuit denied a certificate of appealability. (Doc. No. 25 at 3).

On August 1, 2005, the district court entered an order addressing a letter and application to proceed in forma pauperis from Mr. Mosley. USA v. Dickerson, et al., 4:95-cr-00021-3 (E.D. Ark.), Dkt. No. 223. The order states:

> Mosley does not indicate why he needs permission to proceed in forma pauperis as he has not submitted any pleading requesting substantive relief. The Court notes that the mandate from the Eighth Circuit was issued over five years ago. The time period for seeking any type of relief has expired.

*Id*.

---

[2] Mr. Mosley's original district court case was USA v. Dickerson, et al., 4:95-cr-00021-3 (E.D. Ark.).

Following the August 2005, order, Mr. Mosley wrote several other letters asking for his trial transcripts, but the district court entered orders on January 18, 2006, February 16, 2006, and July 17, 2006, denying his requests. (*Id.* at Dkt. Nos. 226, 230, 232). In the February order, the court stated, "[a]ssuming defendant can overcome the jurisdictional hurdle of pursuing a § 2241 action, he has not demonstrated that the record is needed to decide any substantive issue in this case. Furthermore, given the courts' previous rulings in this case, it is clear that any further appeals would be frivolous." (*Id.* at Dkt. No. 230).

On May 24, 2020, Mr. Mosley placed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in the prison mail system. (Doc. No. 1 at 9). He initially marks he is challenging "how [his] sentence is being carried out, calculated, or credited by prison or parole authorities," in relation to "2 sentences titled 924(c)(1)." *Id.* at 2. Under the heading entitled, "Motion under 28 U.S.C. § 2255," Mr. Mosley also marks he is "challenging the validity of [his] conviction or sentence as imposed" and that he has not sought permission from the United States Court of Appeals to file a second or successive § 2255 motion. *Id.* at 4. In challenging his 924(c)(1) convictions, he relies on *United States v. Davis*, 139 S. Ct. 2319 (2019), which struck down § 924(c)'s residual clause as unconstitutionally vague. *Id*. After careful consideration of Mr. Mosley's Petition (Doc. No. 1) and the Response (Doc. No. 25), I recommend the Petition be dismissed for lack of jurisdiction.

## II. ANALYSIS

An inmate seeking to challenge the lawfulness of the imposition of his federal conviction and sentence must generally bring a 28 U.S.C. § 2255 motion to the sentencing court. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004). Because a § 2255 motion attacks the validity of the conviction or sentence, it is a "further step in the movant's criminal case," and subject matter

jurisdiction lies with the convicting and sentencing court. *Thompson v. Smith*, 719 F.2d 938, 940 (8th Cir. 1983) (per curiam); *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam). In contrast, a § 2241 habeas corpus petition attacks the execution of a sentence, or the manner in which the sentence is being carried out, and is properly brought before the court presiding in the judicial district where the prisoner is incarcerated. *Matheny v. Morrison*, 307 F.3d 709, 711-12 (8th Cir. 2002); *DeSimone*, 805 F.2d at 323; *Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009). Mr. Mosley's Petition, although filed as one pursuant to § 2241, does not attack the execution of his sentence but the validity of it.

A petitioner cannot use § 2241 to challenge a conviction or sentence unless he first shows that § 2255 would be inadequate or ineffective. *Abdullah*, 392 F.3d at 959. The requirement that a petitioner must first demonstrate that § 2255 is inadequate or ineffective comes from § 2255's savings clause:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). As a purely practical matter, it is the burden of the petitioner to demonstrate that § 2255 relief in the sentencing court would be inadequate or ineffective. *DeSimone*, 805 F.2d at 323 (citing *Von Ludwitz v. Ralston,* 716 F.2d 528, 529 (8th Cir. 1983) (per curiam)). In establishing such a requirement, the United States Court of Appeals for the Eighth Circuit has clearly stated:

> Significantly, in order to establish a remedy is "inadequate or ineffective" under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition. This court has held a § 2255 motion is not "inadequate or ineffective" merely because: (1) "§ 2255 relief has already been denied," (2) "[the] petitioner has been denied permission to file a second or successive § 2255 motion," (3) "a second or

4

successive § 2255 motion has been dismissed," or (4) "[the] petitioner has allowed the one year statute of limitations and/or grace period to expire."

*Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) (citing *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000)).

Mr. Mosley does not clearly argue § 2255 relief would be inadequate or ineffective; instead, he states, "[t]his is a new Supreme Court case, a successive 2255 could b[e] effective if allowed to proceed."[3] (Doc. No. 1 at 5). However, reading the entirety of his Petition liberally, Mr. Mosley seems to make the argument that a successive § 2255 would be ineffective in challenging his § 924(c)(1) convictions "based on the new Supreme Court decision *Davis v. U.S.A*." *See id.* at 2-4.

At the time of Mr. Mosley's conviction, a crime of violence could be met by either the residual clause or elements clause of § 924(c). Under the residual clause of § 924(c), a crime of violence is an offense that is a felony and "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B). Under the elements clause, a crime of violence is one that is a felony and "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *Id*. at § 924(c)(3)(A). *Davis* struck down § 924(c)'s residual clause as unconstitutionally vague. *Davis*, 139 S. Ct. at 2336. Mr. Mosley argues this claim was not available to him because *Davis* had not yet been decided at the time of his prosecution, his appeal, or during his original 28 U.S.C. § 2255 proceedings. (*See* Doc. No. 1 at 2-4). However, *Davis* did not invalidate the § 924(c) elements clause, thus a conviction based on a crime of violence under § 924(c)(3)(A) is still valid. *See e.g., Taylor v. United States*, 773 Fed. Appx. 346,

---

[3] Discussed below, to the extent that Mr. Mosley intends the Court to construe his Petition as a successive petition under 28 U.S.C. § 2255, the Petition must be dismissed for lack of prior authorization.

5

347 (8th Cir. 2019) (holding *Davis* does not invalidate § 924(c) conviction because carjacking qualifies as crime of violence under § 924(c)(3)(A)); *United States v. Jones*, 919 F.3d 1064, 1072 (8th Cir. 2019) (holding robbery as predicate offense in Hobbs Act conviction qualifies as crime of violence under § 924(c)(3)(A)).  As such, Mr. Mosley cannot establish a § 2255 motion would be inadequate or ineffective to test the legality of his § 924(c) convictions.

Even assuming Mr. Mosley intends his Petition to be a second or successive § 2255 Petition, it must be dismissed for lack of prior authorization.  (*See* Doc. No. 1 at 5).  In accordance with 28 U.S.C. § 2244(b)(3), petitioners who have previously filed a federal habeas petition must first obtain authorization from the appropriate federal court of appeals before filing a second or successive habeas petition.  *Williams v. Hobbs*, 658 F.3d 842, 853 (8th Cir. 2011).  Without an order from the court of appeals authorizing the filing of a successive petition, the district court lacks jurisdiction to hear the petition.  *Burton v. Stewart*, 549 U.S. 147, 152-53, 157 (2007).  There is nothing in the record to indicate Mr. Mosley sought and received authorization from the United States Court of Appeals for the Eight Circuit before filing this Petition.  Therefore, this Court lacks jurisdiction over his claims.  For these reasons, I recommend the instant § 2241 Petition be dismissed for lack of jurisdiction.

### III.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that Mr. Mosley's § 2241 Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED.

DATED this 10th day of May 2022.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE